FILED

2022 Apr-18  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **NEAL CLIFTON FARMER,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:22-CV-00227-RDP** |
| | } | |
| **SONNY J. STEEN, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This matter is before the court on a Reassignment Order from the magistrate judge initially assigned to this case. (Doc. # 6). As explained below, the court agrees with the reasoning of the magistrate judge that this action is due to be dismissed.

## I.     Background

On February 22, 2022, Plaintiff filed this action along with a motion to proceed *in forma pauperis*. (Docs. # 1, 2). Plaintiff alleges that he owns property in "the Republic state known as Alabama." (Doc. # 1 at 2). Plaintiff contends that Defendant Alabama Secretary of State John H. Merrill attempted to sell his property for unpaid taxes. (*Id.*). Plaintiff further alleges that Defendant AJC Properties, LLC ("AJC"), filed an ejectment action in the Circuit Court of Etowah County before Defendant Judge Sonny J. Steen. (*Id.*). Plaintiff avers that, in the state court action, he demanded Judge Steen prove the court's jurisdiction over him. (*Id.*). But, according to Plaintiff, Judge Steen refused to do so. (*Id.*). Based upon these factual allegations, Plaintiff asserts the following claims: (1) Count One, against Merrill, for selling Plaintiff's property for unpaid taxes; (2) Count Two, against Merrill, for representing that the property in question was for sale for taxes owed; (3) Count Three, against Merrill, for attempting to steal the property by selling it for unpaid

taxes; (4) Count Four, against AJC, for purchasing the property and attempting to eject Plaintiff from it; (5) Count Five, against Judge Steen, for violating Plaintiff's Sixth Amendment rights by failing to prove the court's jurisdiction and referring to Plaintiff's pleadings as frivolous; and (6) Count Six, against Judge Steen, for violating Plaintiff's Fourth and Fifth Amendment rights by attempting to award the property to AJC. (*Id*. at 3-6). Plaintiff seeks $750,000 in damages on each claim, plus costs and attorney fees. (*Id*.).

As the magistrate judge explained: (1) federal courts are courts of limited jurisdiction; and (2) judges have absolute immunity from damages when they are acting within their judicial capacities (unless it can be shown that the judge acted in clear absence of jurisdiction). (Doc. # 4 at 2).

Plaintiff was ordered to show cause why this court has subject matter jurisdiction over his claims.  In particular, the court directed Plaintiff to state the citizenship of all parties and/or to explain why the court has federal question jurisdiction over the action. (*Id.* at 4). The court informed Plaintiff that failure to comply with the show cause order may result in dismissal of this action. (*Id*.).

On March 4, 2022, Plaintiff responded to the show cause order. (Doc. # 5). He informed the court of his contentions that: (1) "[t]his court has jurisdiction for constitutional violations by the respondents for violating the petitioner's Fourth Amendment Right," (*Id.* at 1); (2) "[t]his court has jurisdiction over the subject matter in that the respondent's are trying to steal the petitioner's property in violation of the Fifth Amendment…," (*Id.* at 2); "the respondents in this action are all citizens of the UNITED STATES and of the fictitious, corporate, territorial STATE OF ALABAMA" while "[t]he petitioner is a citizen of the Alabama Republic state which creates a

diversity of citizenship," (*Id.* at 1-2) (emphasis in original); and that Judge Steen is not entitled to immunity because he failed to produce evidence of his jurisdiction over Plaintiff, (*Id.* at 3).

On April 1, 2022, the magistrate judge granted Plaintiff's motion to proceed *in forma pauperis*. (*See* Doc. # 6). Also, the magistrate judge acknowledged that, after granting *in forma pauperis* status, the court must review the complaint and dismiss it if it "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." (Doc. # 6 at 1) (citing 28 U.S.C. § 1915(e)(2)(B)). Upon review, the magistrate judge reported that each of the cases that Plaintiff cited in his show cause order failed to "show[] any basis for why Judge Steen is not immune from suit." (*Id.* at 4). Because each of the claims against Judge Steen seek only monetary damages and nothing suggested Judge Steen acted in clear absence of jurisdiction, the magistrate judge reported that the claims against Judge Steen are due to be dismissed. (*Id.*). Finally, the magistrate judge also reported that the claims against Merrill and AJC are due to be dismissed as frivolous. (*Id.* at 4-5 n.1).

## II.    Standard of Review

When a federal court receives an *in forma pauperis* filing, 28 U.S.C. § 1915 applies. That section provides as follows:

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> …
> (B) the action or appeal--
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *see Thomas v. Pentagon Federal Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010) ("A claims is frivolous if it is without arguable merit either in law or fact.") (citing

*Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)). The Eleventh Circuit has confirmed that this provision "plainly applies to anyone proceeding *in forma pauperis*, 'prisoners and non-prisoners alike.'" *Dingler v. Georgia*, 725 F. App'x 923, 927 (11th Cir. 2018) (citing *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002)). Additionally, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, the court is required to review an *in forma pauperis* action *sua sponte* to determine whether (1) it is frivolous/malicious, (2) it states a claim on which relief may be granted, (3) it seeks monetary relief against a defendant who is immune from such relief, and (4) the court has subject matter jurisdiction over the controversy.

Also, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas*, 393 F. App'x 635, 637 (11th Cir. 2010)

## III.    Analysis

The court has reviewed the file, including all of Plaintiff's filings, and assessed whether his claims are subject to dismissal under § 1915. In particular, the court has evaluated the claims against Judge Steen and Plaintiff's remaining claims against Merrill and AJC, in turn. For the reasons explained below, Plaintiff has not shown he can proceed on any of his claims.

A.      **Plaintiff's Claims Against Judge Steen**

The only counts in the complaint that even arguably allege a federal question are for monetary damages against Judge Steen. However, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). In fact, absolute judicial immunity is broadly construed, as it applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.*

In this case, Plaintiff has utterly failed to show cause as to how Judge Steen acted in the clear absence of all jurisdiction with respect to the judicial action at issue here. Accordingly, the claims against Judge Steen (contained in counts five and six) are due to be dismissed *sua sponte* under § 1915(e)(2)(B)(iii).

B.      **Plaintiff's Claims Against Merrill and AJC**

The remaining counts in the complaint appear to allege state law claims against Defendants Merrill and AJC. Plaintiff was ordered to state the citizenship of each party in his response to the show cause order. Plaintiff provided that "the respondents in this action are all citizens of the UNITED STATES and of the fictitious, corporate, territorial STATE OF ALABAMA" while "[t]he petitioner is a citizen of the Alabama Republic state which creates a diversity of citizenship," (Doc. # 5 at 1-2) (emphasis in original).

Despite Plaintiff's contention, it appears that all parties are citizens of the State of Alabama for the purposes of diversity jurisdiction. As Plaintiff has not made a showing that there is complete diversity among the parties, this court does not have subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

For Plaintiff's action to continue, he must show that the court has subject matter jurisdiction pursuant to a federal question. *See* 28 U.S.C. § 1331.While it may be that Plaintiff's response to the show cause order indicates he contends Defendant Merrill and AJC have violated his rights under the Fourth and Fifth Amendment, even a cursory review indicates those claims (even if they are federal claims) are frivolous and it would be futile to allow Plaintiff to replead them.

First, there is no indication that AJC is a State actor — or that AJC fits into one of the rare circumstances where a private party is viewed as a State actor for purposes under § 1983.[1]

Second, all of Plaintiff's claims against Merrill and AJC are based on the allegation that he does not owe taxes to the State of Alabama because he is "the authorized representative of the all caps name NEIL CLIFTON FARMER and is **NOT** a statutory citizen" and his property is located "in the Republic state known as Alabama" rather than "the corporate, fictitious, Federal territorial STATE OF ALABAMA." (Doc. # 1 at 1-2) (emphasis in original). The Eleventh Circuit has rejected such legal theories by "so-called 'sovereign citizens'" (who are individuals that believe they are not subject to the jurisdiction of the courts) as frivolous. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (collecting cases); *Henry v. Fernandez-Rundle*, 773 F. App'x 596 (11th Cir. 2019) (holding that the district court did not abuse its discretion for dismissing a claim brought by a sovereign citizen

---

[1] There are three circumstances under which a private party is considered a State actor for § 1983 purposes:

(1) [T]he State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Communications Workers of America*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

based on the belief that he was not subject to the jurisdiction of the court because "[s]uch claim ha[s] no arguable legal basis and [is] patently false").

The court concludes that any amendment by Plaintiff to the claims against Defendants Merrill and AJC would be futile. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, this action is due to be dismissed.

## IV.     Conclusion

For the reasons set forth above, the court concludes that this action is due to be dismissed. A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this April 18, 2022.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE